GORLICK, KRAVITZ & LISTHAUS, P.C.
Bruce L. Listhaus
17 State Street, 4th Floor
New York, NY 10004-1501
blisthaus@gkllaw.com
(212) 269-2500
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

BUFFALO LABORERS WELFARE FUND, BUFFALO
LABORERS PENSION FUND, BUFFALO LABORERS
EDUCATION AND TRAINING FUND, BUFFALO
LABORERS SUPPLEMENTAL UNEMPLOYMENT
BENEFIT FUND and BUFFALO LABORERS ANNUITY
FUND, by THOMAS L. PANEK, in his fiduciary capacity as
ADMINISTRATOR, and LABORERS' LOCAL 210,
LABORERS INTERNATIONAL UNION OF NORTH
AMERICA,

                Plaintiffs,

  - against -

VALERI CONCRETE CONSTRUCTION, INC.

                Defendants.

---------------------------------------------------------------X

**COMPLAINT**

Plaintiffs, Buffalo Laborers Welfare Fund, Pension Fund, Education and Training Fund, Supplemental Unemployment Benefit Fund, and Annuity Fund ("Funds"), by and with Thomas L. Panek ("Panek") in his fiduciary capacity as Administrator of the Funds, and Laborers Local 210, Laborers International Union of North America ("Union") (collectively, "Plaintiffs"), by and through their attorneys, Gorlick, Kravitz & Listhaus, P.C., for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought, *inter alia*, pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and

1145, and Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 185, by Panek in his capacity as fiduciary to the Funds and by the Union for legal and equitable relief under ERISA, and by the Funds and the Union for breach of a contract between an employer and a labor organization, as defined under the LMRA. The gravamen of the action is that Valeri Concrete Construction, Inc. ("Valeri" or "Defendant") breached its collective bargaining obligations and ERISA by, *inter alia*, failing to make contributions, refusing to submit remittance reports and comply with an audit by the Funds.

2. Jurisdiction of this Court is invoked under the following statutes:

   a. Section 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132(e)(1) and (f);

   b. Section 301 of the LMRA, 29 U.S.C. § 185;

   c. 28 U.S.C. § 1331 (federal question);

   d. 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

   e. 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue properly lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301 of the LMRA, 29 U.S.C. § 185(c), as the plan is administered in this district, the breach took place in this district and the defendants reside and/or may be found in this district.

## STATEMENT OF FACTS

### The Parties

4. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the LMRA and 29 U.S.C. § 186(c)(5), (c)(6).

5. The Funds are also employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA and 29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1), as well as multi-employer plans within the meaning of ERISA §§ 3(37), 515 and 29 U.S.C. §§ 1002(37) and 1145.

6. The Funds provide welfare, education, unemployment, retirement and related benefits to eligible employees on whose behalf employers in the construction industry contribute to the Funds pursuant to collective bargaining agreements between the employers and the Union.

7. The Funds are third-party beneficiaries of such collective bargaining agreements.

8. The Funds maintain their offices and are administered at 25 Tyrol Drive, Suite 200, Cheektowaga, New York 14227.

9. Panek, as Administrator of the Funds, is a fiduciary of the Funds within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21) and 1132, brings this action in his fiduciary capacity on behalf of the Funds.

10. The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined in Section 501 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4).

11. The Union is the authorized agent of the New York Laborers' Political Action Committee ("NYLPAC") and as such, collects the NYLPAC contributions deducted from employees' wages and forwards them to NYLPAC.

12. The Union maintains its offices at 25 Tyrol Drive, Cheektowaga, New York 14227.

13. Valeri is a for-profit domestic corporation doing business in the State of New York.

14. Valeri is an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA and 29 U.S.C. § 185.

15. The nature of Valeri's business is the performance of concrete construction work in western New York State.

16. Valeri's principal place of business is 6297 Wendt Drive, Niagara Falls, New York 14304.

**The 2014-2017 Agreement**

17. Valeri is signatory to the 2014-2017 Independent Highway-Heavy, Utility and Tunnel collective bargaining agreement (the "2014-2017 Agreement") with the Union, which is incorporated by reference herein.

18. Alfred Valeri, as President of Valeri, executed the 2014-2017 Agreement on or about August 7, 2014.

19. Article III of the 2014-2017 Agreement provides that the 2014-2017 Agreement's jurisdiction encompasses "all Heavy and Highway, Utility and Tunnel Construction work in the County of Erie."

20. Pursuant to Article XXVII of the 2014-2017 Agreement, the term of the 2014-2017 Agreement is from "April 1, 2014 to March 31, 2017 and during each calendar year thereafter, unless on or before the 31st day of January, 2017, or any year thereafter, written notice of change in this Agreement be served by either party upon the other party."

21. Pursuant to Article XXVII of the 2014-2017 Agreement, the 2014-2017 Agreement remains in full force and effect.

22. Articles XVI, XIX, and XXII of the 2014-2017 Agreement require Valeri to, *inter alia*, pay and/or submit the required fringe benefits contributions to the Funds and remit dues checkoffs and NYLPAC contributions deducted from the wages paid employees who authorize said deductions in writing to the Union, according to the 2014-2017 Agreement, for all work performed by Valeri's employees within the trade and geographical jurisdictions of the 2014-2017 Agreement.

23. Article XXII, Sections 2(c) and 3(c) of the 2014-2017 Agreement requires Valeri to remit fringe benefits contributions, at specific rates, based on the number of hours of covered work performed within the jurisdiction of the 2014-2017 Agreement, to the Funds.

24. Article XXII, Sections 2(d) and 3(d) of the 2014-2017 Agreement requires Valeri to remit dues checkoffs in the amount of "6% of gross wages for each hour worked plus $0.10 per hour worked" and NYLPAC contributions in the amount of "$0.10 deducted from wages for each hour worked."

25. Article XVI, Section 11(b) of the 2014-2017 Agreement requires Valeri to submit remittance reports to the Funds as follows: "[e]ach Employer shall furnish the Trustees of the respective Funds with periodic reports as required by the Fund showing the names, social security

numbers, hours worked and job location for each employee performing work covered by this Agreement."

26. Article XVI, Section 11(e) of the 2014-2017 Agreement requires, "All monthly reports and monthly payments, including benefit contributions and remittances from wages, are due not later than the 15th of the month following the month during which the hours are worked."

27. Article XVI, Section 11(d) of the 2014-2017 requires Valeri to also submit a report for months where no covered work is performed within the jurisdiction of the 2014-2017 Agreement.

28. Article XVI of the 2014-2017 Agreement, requires Valeri to submit to an audit of its books and records by the Funds or its representative. Specifically, Article XVI, Section 12(a) of the 2014-2017 Agreement provides as follows:

> The books and records of the Employer shall be made available at all reasonable times for inspection and audit by the accountants or other representatives of the Funds including, without limitation, all payroll sheets, W-2 forms, New York State Employment Reports, Insurance Company reports and supporting checks, ledgers, general ledger, cash disbursement ledger, vouchers, 1099 forms, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s)…The Funds shall bear the cost of an inspection and audit, except where the audit discloses a delinquency in excess of 10% of the prior year's contribution or $2,000.00, whichever is greater.

29. Article XVI, Section 10 of the 2014-2017 Agreement requires Valeri to, *inter alia*, post and maintain a bond guaranteeing payment of all fringe benefits contributions to the Funds and remittance of all dues checkoff and NYLPAC contributions to the Union that become due and owing. Article XVI, Sections 10(a) and 10(b) of the 2014-2017 Agreement provide in relevant part:

> Before commencing any work covered by the terms of this Agreement or hiring any employees covered by the terms of the Agreement, the Employer shall obtain a surety bond for the benefit of

the Union and the Funds in the amount of at least fifty thousand Dollars ($50,000), guaranteeing the payment of all fringe benefit contributions and wage deductions required to be paid under this agreement…In the event of an audit of the Employer's books and records reveals a deficiency in the payment of fringe benefit contributions or a failure to deduct or remit dues check off, the Union or the Funds in their sole and absolute discretion may require that the Employer post and maintain a bond in the amount of twice the audited deficiencies within thirty (30) days of receiving notice of such demand from the Union or the Funds.

30. Article XVI, Section 12(b) of the 2014-2017 Agreement awards the Funds their reasonable attorney's fees incurred in an action to obtain and audit as follows, "[i]n the event that the Funds bring an action to obtain an audit of the employer's books and records, the Employer shall be obligated to pay the reasonable costs and attorneys' fees incurred in bringing said action."

31. Pursuant to Article XVI, Section 9(a) of the 2014-2017 Agreement:

[i]f the Employer is delinquent in the payment of fringe benefit contributions to the Funds, the Employer shall pay, in addition to the delinquent fringe benefit contributions, interest on the unpaid amounts from the day due until the date of payment at either the rate of 10% per year or the rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater…and attorney's fees incurred in bringing said action."

32. Article XVI, Section 9(b) of the 2014-2017 Agreement requires the employer pay to the Funds: (i) the full amount of unpaid contributions; (ii) interest on the unpaid contributions; (iii) liquidated damages in an amount equal to the interest on the delinquent contributions; (iv) reasonable attorney's fees; and (v) such other and further legal or equitable relief as the Court deems appropriate if the Funds initiate and prevail in litigation to recover unpaid fringe benefits contributions.

33. The trust agreements creating the Funds ("Trust Agreements") are fully incorporated into the 2014-2017 Agreement pursuant to Article XVI, Section 13 of the 2014-2017 Agreement.

34. Article IX, Section 9.6 of the Trust Agreements requires that Valeri pay: (i) all unpaid contributions, (ii) interest on such unpaid contributions, (iii) an amount equal to the greater of the interest paid on such unpaid contributions, or twenty-percent (20%) of the unpaid contributions, plus (iv) reasonable attorney's fees, costs, and expenses, including audit expenses, in any action where the Funds prevail in collecting unpaid fringe benefits contributions.

### Valeri Stops Making Benefits Contributions

35. Valeri has not submitted its required remittance reports and fringe benefit contributions, dues checkoffs, and NYLPAC contributions from October 2015 through the present.

36. From August 7, 2014 through September 30, 2015, Valeri performed covered work within the Union's jurisdiction and submitted at least some of the required remittance reports, fringe benefit contributions, dues checkoffs and NYLPAC contributions owed under the 2014-2017 Agreement.

37. Upon information and belief, Valeri has continued to perform covered work within the jurisdiction of the 2014-2017 Agreement since September 30, 2015.

38. Upon information and belief, Valeri either withheld and failed to remit or failed to withhold and remit dues checkoffs and NYLPAC contributions from its employees' wages for the months of October 2015, through the present.

39. On February 19, 2016, the Funds sent a letter to Valeri demanding it submit its delinquent remittance reports, and all outstanding fringe benefit contributions, dues checkoffs, and NYLPAC contributions.

40. To date, Valeri has not responded or otherwise complied with any aspect of the Funds' February 19, 2016 demand letter.

## FOR THE FIRST CAUSE OF ACTION
**(Funds' Demand for Valeri's Remittance Reports from November 2015 Through the Present)**

41. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

42. Article XVI, Section 11 of the 2014-2017 Agreement requires that Valeri, *inter alia*, file certain employer contribution reports with the Funds no later than the 15th day of the month following the month during which the hours are worked.

43. Valeri has failed to submit the required remittance reports.

44. By failing to timely submit the required remittance reports, Valeri has breached the 2014-2017 Agreement.

45. Accordingly, pursuant to the terms and conditions of the 2014-2017 Agreement, the Funds demand an order directing Valeri to submit all delinquent remittance reports from October 2015 through the present.

## FOR THE SECOND CAUSE OF ACTION
**(Breach of Contract by Valeri for Failure to Pay Contributions and Remit Deductions from Wages)**

46. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

47. Upon information and belief, as a result of covered work performed by employees of Valeri within the jurisdiction of the Union, there became due and owing to the Plaintiffs from Valeri fringe benefit contributions, dues checkoff and NYLPAC deductions in an amount to be determined.

48. Valeri has not paid any such fringe benefit contributions, due checkoff and NYLPAC deductions contractually due to the Plaintiffs for at least the period of October 2015 through the present.

49. Valeri's failure to make these required contributions to the Funds is a violation of Articles XVI, XIX, and XXII of the 2014-2017 Agreement between Valeri and the Union with respect to which the Funds are third-party beneficiaries.

50. Accordingly, Valeri is liable to the Plaintiffs for any and all fringe benefit contributions, dues checkoff and NYLPAC deductions which may be found due and owing to the Plaintiffs.

51. Additionally, pursuant to Article XVI, Section 9(b) of the 2014-2017 Agreement, and the Trust Agreements, Valeri is also liable to the funds for: (i) interest on the unpaid contributions at a rate of 10% per annum from the date the contributions became overdue; (ii) liquidated damages in an amount equal to the greater of the interest on the delinquent contributions or 20% of the unpaid contributions; and (iii) reasonable attorney's fees and costs, including audit expenses.

### FOR THE THIRD CAUSE OF ACTION
### (Breach of ERISA Obligations by Valeri)

52. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

53. Section 515 of ERISA (29 U.S.C. § 1145) requires that employers pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

54. Section 502(g)(2) of ERISA (29 U.S.C. § 1132) provides that, upon finding an employer violation of Section 515 of ERISA, the Court shall award the plaintiff fund: (i) the unpaid fringe benefit contributions; (ii) statutory damages and interest on the unpaid principal both

computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621; (iii) reasonable attorney's fees; and (iv) costs and disbursements incurred in the action.

55. As stated above, Valeri breached its obligations under the 2014-1017 Agreement by failing to make required fringe benefits contributions for the period of October 2015 through the present and as a result, Valeri is liable to the Funds for the payment and/or submission of any and all required monetary contributions and/or reports found due and owing from Valeri to the Funds, plus any additional amount of statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, and costs and disbursements incurred in this action pursuant to Section 502(g)(2) of ERISA.

### FOR THE FOURTH CAUSE OF ACTION
**(Funds' Demand for an Audit of Valeri's Books and Records from August 7, 2014 Through the Present)**

56. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 55 of this Complaint, as if fully set forth herein.

57. Article XVI, Section 12 of the 2014-2017 Agreement requires that Valeri, *inter alia*, make its books and records available at all reasonable times for inspection and audit by the Funds or their designated representatives.

58. To date, no such audit has occurred.

59. Accordingly, pursuant to the terms and conditions of the 2014-2017 Agreement, the Funds request an order directing Valeri to submit to an audit of its books and records, by the Funds or its representative, for the period of August 7, 2014 through the present.

## FOR THE FOURTH CAUSE OF ACTION
### (Breach of Contract by Valeri for Failure to Post a Bond)

60.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 59 of this Complaint, as if fully set forth herein.

61.     Article XVI, Section 10 of the 2014-2017 Agreement, quoted *supra*, requires Valeri to post and maintain a bond of at least $50,000.00, guaranteeing payment of all fringe benefit contributions to the Funds and remittance of all dues checkoff and NYLPAC deductions to the Union that become due and owing.

62.     Additionally, Article XVI, Section 10(b) of the 2014-2017 Agreement requires Valeri to post a bond equal to at least double the amount of any deficiency, revealed through an audit of its books and records, within thirty days of receiving notice from the Funds.

63.     Upon information and belief, Valeri has not posted the bond as required by Article XVI, Section 10 of the 2014-2017 Agreement.

64.     The failure, refusal or neglect of Valeri to post and maintain the required bond is a violation of the 2014-2017 Agreement between the Valeri and the Union with respect to which the Funds are third-party beneficiaries.

65.     Accordingly, Plaintiffs are entitled to an order requiring Valeri to post and maintain a bond of at least $50,000.

## FOR THE FIFTH CAUSE OF ACTION
### (Claim for Injunctive Relief against Valeri)

66.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 65 of this Complaint, as if fully set forth herein.

67. The 2014-2017 Agreement requires Valeri to: (i) pay and/or submit fringe benefit contributions and/or reports to the Funds and remit dues and other monies deducted from the wages paid to employees who authorize said deductions in writing to the Union, (ii) permit and cooperate in the conduct of audits of Valeri's books and records, and (iii) maintain a bond to guarantee required payments to the Funds, for so long as they remain obligated to do so pursuant to the 2014-2017 Agreement.

68. Upon information and belief, Valeri has failed to timely pay and/or submit fringe benefit contributions to the Funds since October 2015, remit dues checkoffs and NYLPAC contributions deducted from the wages paid employees who authorize said deductions in writing to the Union during the above period, and is currently in breach of its obligations under the 2014-2017 Agreement.

69. As discussed above, Valeri's prior conduct, including its failure to respond to the Funds' February 19, 2016 demand letter, demonstrates a significant likelihood that Valeri will continue to breach the terms of the 2014-2017 Agreement.

70. Plaintiffs have no adequate remedy at law to ensure that Valeri will adhere to the terms of the 2014-2017 Agreement.

71. The Funds will suffer immediate and irreparable injury unless Valeri, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to: (i) pay and/or submit the required monetary contributions and/or reports to the Funds; (ii) permit and cooperate in the conduct of an audit; and (iii) maintain a bond to guarantee payment of the required contributions for so long as Valeri remains obligated to do so pursuant to the 2014-2017 Agreement.

72. The Union will suffer immediate and irreparable injury unless Valeri, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to: (i) remit dues checkoffs and NYLPAC contributions to the Union; (ii) permit and cooperate in the conduct of an audit; and (iii) maintain a bond to guarantee payment of the required contributions for so long as Valeri remains obligated to do so pursuant to the 2014-2017 Agreement.

73. Accordingly, the Plaintiffs request that this Court issue an injunction permanently enjoining Valeri, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to: (i) remit fringe benefits, dues checkoffs, and NYLPAC contributions to the Plaintiffs; (ii) permit and cooperate in the conduct of an audit; and (iii) maintain a bond to guarantee payment of the required contributions for so long as Valeri remains obligated to do so pursuant to the 2014-2017 Agreement.

## FOR THE SIXTH CAUSE OF ACTION
**(Claim for Injunctive Relief against Valeri Pursuant to ERISA)**

74. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 73 of this Complaint, as if fully set forth herein.

75. Pursuant to the provisions of ERISA and the 2014-2017 Agreement, Valeri is required to timely remit fringe benefit contributions and reports to the Funds and permit and cooperate in the conduct of audits of its books and records for so long as Valeri remains obligated to do so by the 2014-2017 Agreement.

76. Upon information and belief, Valeri has failed to timely pay fringe benefit contributions to the Funds since October 2015 and is currently in breach of its statutory obligations

under ERISA. As discussed above, Valeri's prior conduct demonstrates a significant likelihood that Valeri will continue to breach these ERISA provisions.

77. The Funds have no adequate remedy at law to ensure that Valeri will continue to adhere to its statutory obligations.

78. The Funds will suffer immediate and irreparable injury unless Valeri, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to: (i) pay the required monetary contributions; (ii) submit reports to the Funds; and (iii) permit and cooperate in the conduct of audits of Valeri's books and records for so long as Valeri remains obligated to do so by ERISA.

79. Accordingly, the Funds request that this Court issue an injunction permanently enjoining Valeri, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to: (i) pay the required monetary contributions; (ii) submit reports to the Funds; and (iii) permit and cooperate in the conduct of audits of Valeri's books and records for so long as Valeri remains obligated to do so by ERISA.

**WHEREFORE**, Plaintiffs demand an order and judgment:

a. Requiring Valeri to submit remittance reports for the period of October 2015 through the present;

b. Requiring that Valeri permit and cooperate in an audit of its books and records for the period of August 7, 2014 to the present;

c. Against Valeri for payment of all fringe benefit contributions, dues checkoff, NYLPAC deductions, statutory damages and pre-judgment interest due and owing, in an amount to be determined and including all amounts due and owing during the pendency of this action;

d. Against Valeri for the reasonable costs and attorney's fees of bringing this action to recover delinquent contributions and to compel an audit, including audit costs;

e. Pursuant to the 2014-2017 Agreement and ERISA, permanently enjoining Valeri and its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order, by personal service or otherwise, for so long as it remains obligated to contribute to the Funds, from failing, refusing or neglecting to:

   i. Pay and/or submit the delinquent and required monetary contributions and/or reports;

   ii. Permit and cooperate in the conduct of audits in accordance with the 2014-2017 Agreement;

   iii. Remit fringe benefits contributions, dues checkoff, and NYLPAC deductions to the Funds and the Union, for so long they are obligated to do so pursuant to the 2014-2017 Agreement;

f. Requiring Valeri to post a bond of at least $50,000.00; and

g. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 14, 2016

GORLICK, KRAVITZ & LISTHAUS, P.C.
Attorneys for Plaintiffs

By: _____
Bruce L. Listhaus
17 State Street. 4th Floor
New York, NY 10004-1501
blisthaus@gkllaw.com
(212) 269-2500